NOT DESIGNATED FOR PUBLICATION

No. 122,984

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIEL DEVREN BEEBE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 30, 2021. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Kiel Devren Beebe appeals the district court's decision revoking his probation and ordering him to serve his original sentence. Finding no abuse of discretion, we affirm the district court's judgment.

On January 14, 2020, Beebe pled guilty to aggravated domestic battery, aggravated battery, criminal damage to property, and battery. On February 26, 2020, the district court sentenced Beebe to a controlling term of 26 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

1

Just six weeks later, on April 7, 2020, the district court issued a warrant alleging Beebe violated the terms of his probation by committing the offense of domestic violence/disorderly conduct, "engag[ing] in assaultive behavior," committing the offense of criminal damage to property, and contacting a victim. At a hearing on May 29, 2020, Beebe admitted the violations. Both the State and Beebe recommended to the court that Beebe receive a three-day jail sanction and be allowed to remain on probation with additional conditions, but Beebe's intensive supervision officer recommended that his probation be revoked. After listening to the recommendations, the district court revoked Beebe's probation and ordered him to serve his original sentence, finding that he committed new crimes while on probation. Beebe timely appealed the district court's judgment.

On appeal, Beebe claims the district court "abused its discretion when it revoked [his] probation and imposed the underlying twenty-six-month prison sentence." Conversely, the State asserts "the district court's decision to revoke [Beebe's] probation and impose the underlying prison sentence was appropriate."

The procedure for revoking a defendant's probation is governed by K.S.A. 2020 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Beebe violated his probation by committing new crimes. As a result, the district court could revoke Beebe's probation without imposing an intermediate sanction. See K.S.A. 2019 Supp. 22-3716(c)(7)(C). In revoking Beebe's probation, the district court

2

noted that Beebe committed new crimes within six weeks of being placed on probation, the crimes involved domestic violence and were like Beebe's original crimes, and Beebe violated a no-contact order with the victim. The district court's decision to revoke Beebe's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Beebe has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.

Affirmed.